No. 37,902

SCHOOL DISTRICT No. 2, Norton and Decatur Counties, Kansas, by WELDON MILLER, Director, *Appellant,* v. G. V. SARVIS, County Clerk of Norton County, Kansas, *Appellee.*

(210 P. 2d 828)

Opinion filed October 29, 1949.

*L. F. Cushenbery* and *Aldeverd Metcalf,* both of Oberlin, argued the cause, and *John M. Bremer,* of Oberlin, was with them on the briefs for the appellant.

*Keith G. Sebelius* and *J. C. Tillotson,* both of Norton, argued the cause, and were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action in mandamus for an order commanding defendant to extend a levy of 18.74 mills upon the taxable property of plaintiff in Norton county. After a hearing the trial court denied the writ and plaintiff has appealed.

The basic facts are not in controversy and may be stated as follows: The plaintiff is a joint common-school district of Decatur and Norton counties. Its school building is situated in the city of

Norcatur within Decatur county, and most of the territory of the school district is in Decatur county.

There is also situated in Norcatur a joint rural high-school district, the area of which lies in Decatur and Norton counties, which area is wholly within but not as large as the territory of the plaintiff. At its annual meeting in 1949 it appears to have concluded to discontinue the operation of its high school and made no general levy, but it has outstanding bonds and emergency warrants for which a levy to satisfy the same was made.

Norton county has a community high school. That part of the area of the plaintiff lying in Norton county which is not in the territory of the Norcatur rural high school lies within the territory of the Norton county community high school.

The plaintiff school district at its annual meeting in 1949 voted to maintain a grade school and a high school, adopted a budget therefor in the sum of $51,050, voted in favor of a two mills transportation levy, and also under a statute and procedure providing therefor voted to increase the maximum limit of levy by not more than twenty-five percent, and certified the same to the county clerk of Decatur county. The defendant county clerk of Norton county furnished the county clerk of Decatur county the valuation of all the taxable property of the plaintiff school district within Norton county. Plaintiff's total assessed valuation is $988,609. The county clerk of Decatur county computed the necessary levy upon the taxable property of the school district for general purposes to be 16.74 mills, which together with the two mills for transportation amounted to 18.74 mills, and on September 23, 1949, sent the following certificate to the defendant in a letter which reads:

"I am certifying the following levies for the year 1949:

|  | Gen. | Transp. | Bd. & Int. | Em. Wts. | Total |
|---|---|---|---|---|---|
| Com. Sch. Jt. 2 D & N | 16.74 | 2.00 | 1.70 | 3.59 | 24.02 |
| Norcatur Cem. Dist | .70 | | | | |

"I received a letter from Mr. Stacey a few days ago, saying he saw no reason for any hesitation on making a levy for the common school only, in the situation of Jt. 2 DN, so I have just made the one levy.

"Before the two schools joined, N. R. H. S. had bonds and emergency warrants to be paid off this year. Therefore the new section to enter the district will not pay on the bond levy or the emergency warrant levy.

"I hope that this is not an impossible situation for you and that everything will work out all right."

Defendant replied as follows:

"Thanks for the certification of levies for Norcatur schools and Cemetery district.

"As indicated to you in our former correspondence and conversations as far as Norton county is concerned we are still considering Norcatur Rural High and Joint 2 D & N as separate schools for tax purposes for the year of 1949 so it is impossible for me to use the consolidated levy which you have certified. Our stand in this is taken from Section 79-1807, General Statutes of 1935, which provides that all changes in boundary shall take effect for *taxation purposes* on the last day of February following such change.

"I am trying to follow as nearly as possible the certification sent and have started out with the maximum levy plus 25% for each school making a starting levy for the NRHS of 7.50 and the Jt. 2 D & N of 10.00. After reducing those levies by the amount of the sales tax to be received we get a levy of 9.24 for the General Fund of Jt. 2 D & N and a levy of 6.42 for the General Fund for NRHS. We have carried the transportation levy against the Grade School which of course makes it operate on the entire territory which we have as a part of Jt. 2 D & N. The Emergency Warrant and Bond Levies are carried only for the NRHS territory. . . ."

We turn now to a discussion of the legal question. The plaintiff had ample authority to conduct a high school, prepare a budget, and to have a tax levy therefor. The pertinent statute (G. S. 1947 Supp. 72-1044) reads:

"Every common-school district may establish and maintain public schools at the kindergarten, elementary, junior high school and high-school levels, subject to such limitations as are prescribed by law."

This authority is not limited by what the Norcatur rural high school did with respect to conducting a high school. Neither does it depend upon what effect such action would have upon the Norton county community high school.

It was conceded in oral argument and in the brief of appellee that the amount of the levy, 18.74 mills, is one that would be authorized by the plaintiff if it conducted a high school.

The trial court found that the county clerk of Decatur county, "in compliance with the provisions of G. S. 79-2931, determined a levy of 18.74 mills upon all of the taxable property within School District No. 2, Norton and Decatur counties, Kansas, was required to raise the budgeted expenditures for said district for the year 1949-'50, and sent to the defendant, the County Clerk of Norton County, Kansas, the certificate of a levy of 18.74 mills for School District No. 2, Norton and Decatur Counties, Kansas, . . . and defendant County Clerk of Norton County, Kansas, received the same."

Counsel for appellee contend that he had no official knowledge at any time that the plaintiff was conducting a high school. It is true neither the plaintiff's clerk nor the county clerk of Decatur county certified that specific fact to him. We are cited to no statute, and our own search discloses none, requiring such a form of certificate. It is conceded defendant had actual knowledge of the fact by a letter from the state superintendent of public instruction addressed to the county superintendent of Norton county and shown to defendant, also by his correspondence and discussions from time to time with the county clerk of Decatur county. Under these circumstances that there was no official certificate of that fact sent to him we regard as being unimportant.

Counsel for appellee argue that plaintiff's budget should have been certified to defendant so that he and the county clerk of Decatur county together could determine the necessary levy. It is conceded there is no statute which requires the clerk of a joint common-school district to certify the budget to the county clerk of each of the counties in which the school district has territory. However, counsel for appellee point out that G. S. 1935, 72-3508, pertaining to joint rural high-school districts does contain such a requirement. The fact that the legislature made such a requirement for joint rural high-school districts but did not make one for joint common-school districts tends to indicate that the legislature thought there was a reason for a difference and made it knowingly. Hence, we are not justified in holding that G. S. 1935, 72-3508 should be applied to joint common-school districts.

Counsel for appellee contend the certificate dated September 23, 1949, sent by the county clerk of Decatur county to the defendant is not a legal certificate. It may be conceded that the form is not a model one, but defendant had no difficulty in understanding from it that the levy of 16.74 mills for the general fund and 2.00 mills for transportation should be extended on all the property within the plaintiff district, and that the 1.70 mills for bonds and interest and 3.59 mills for emergency warrants should be extended upon the property of the Norcatur rural high-school district which lies within the plaintiff's district. Although defendant understood it he did not attempt to follow it. He attempted to give the Norcatur rural high-school district a levy for the general fund for which he had received no certificate or information from anyone. In fact the record discloses that the Norcatur rural high-school district did not levy any

budget for a general fund. Also, he undertook to compute a levy for the plaintiff district without having its budget and without paying any attention to the computation of a levy made by the county clerk of Decatur county. These acts were legally unjustified.

Our statute (G. S. 1935, 72-2501) establishing community high schools in certain counties provides that the territory of such high schools "shall include all the territory in said counties not included in the territory of other accredited high schools." Apparently defendant took the view that when plaintiff started a high school in its territory the boundaries of the Norton county community high school were changed as a matter of law. Defendant also gave thought to G. S. 1935, 79-1807, which, shortly stated, provides that the changes in the boundaries of the school district should take effect for taxation purposes on the last day of the February following, and concluded that the high-school taxes of plaintiff should not be extended to that part of.its territory in Norton county which had been in the territory of the Norton county community high school. It appears these views prompted the action taken by defendant in his interpretation of the certificate made to him by the county clerk of Decatur county.

In this case we are not authorized to determine whether there have been any changes in the boundaries of the Norton county community high-school district. In fact, that question could be determined only in an action brought in the name of the state by the county attorney or attorney general to determine that question.

The trial court held: "79-1807, G. S. Kan. 1935, does not apply to the facts of this case." There has been no cross-appeal, hence that question is not before us. We think it not out of place to say, however, that the attorney general, in a letter addressed to the state superintendent of public instruction, copies of which have been furnished to the court and to counsel in this action, expressed the view that the act of plaintiff in establishing a high school applicable to all of its territory did have the effect of taking any territory therein of the Norton county community high school out of that community high-school district, and further expressed the view that G. S. 1935, 79-1807, "is not applicable and the levy should be extended for this year over the entire territory of the Joint Common School District No. 2 and not wait until after the end of February, 1950."

Our conclusion is that the tax levy of 18.74 mills for the plaintiff district, certified to defendant by the county clerk of Decatur

county, should be extended on the tax rolls of all the property in plaintiff's district lying in Norton county, and that defendant should also extend the bonded interest levy of 1.70 mills and the emergency warrant of 3.59 mills upon the property in Norton county which was within the territory of the Norcatur rural high-school district.

Counsel have cited quite a number of authorities, all of which we have examined. We find nothing in any of them which conflicts with the conclusions here reached, but because the parties desire an early decision we do not take time to analyze them here.

The judgment of the trial court should be reversed with directions to grant the writ as prayed for. It is so ordered.